UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOMINIQUE GEE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02354-JPH-MPB |
| ) | |
| STATE OF INDIANA, ) | |
| COMMISSIONER, INDIANA DEPARTMENT ) | |
| OF CORRECTION, ) | |
| CHAIRMAN, INDIANA PAROLE ) | |
| BOARD/COMMISSION/DIVISION, ) | |
| ATTORNEY GENERAL, STATE OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

**Order Directing Plaintiff to Pay Filing Fee,
Dismissing Complaint, Assessing a Strike, and Directing Entry of Final Judgment**

Plaintiff Dominque Gee-el is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging that, as a Moorish National, he is not subject to Indiana law and that the defendants have violated his constitutional rights by falsely imprisoning him. He seeks release from prison and money damages. The Court now screens the complaint and issues the following rulings.

**I.
Filing Fee**

The plaintiff shall have **through November 1, 2021**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on August 27, 2021.

1

## II.
## Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III.
## The Complaint

The complaint names four defendants: the State of Indiana, the Commissioner of the Indiana Department of Correction, the Chairman of the Indiana Parole Board, and the Indiana Attorney General. The plaintiff alleges that he is a Moorish National and he is therefore not subject to Indiana law. He also alleges that the defendants have violated his constitutional rights by falsely imprisoning him. He seeks release from prison and money damages.

## IV.
## Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed as frivolous**. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (holding that a complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact"). First, the plaintiff's claims lack any legal basis. *See El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748, 750–751 (7th Cir. 2013) (dismissing as frivolous suit brought by "sovereign citizen"); *Blake–Bey v. Cook County, Ill.*, 438 Fed. Appx. 522, at *1 (7th Cir. Nov. 23, 2011) (suit properly dismissed as frivolous where plaintiffs, adherents of Moorish Science Temple of America, alleged that they were citizens of Moroccan Empire not subject to the laws of Illinois).

Second, he has not named any suable defendant. The state of Indiana and state officials sued in their official capacity are immune from suits for damages under the Eleventh Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). And the Chairman of the Indiana Parole Board and the Indiana Attorney General are also immune from suit. *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity for activities that are part and parcel of the decision to revoke parole); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (state prosecutor is absolutely immune from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case").

For these reasons, this suit is **dismissed as frivolous**. Final judgment in accordance with this Order shall now issue.

## V. Assessment of Strike

Because the complaint has been dismissed as frivolous, the plaintiff is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma*

*pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**SO ORDERED.**

Date: 10/7/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOMINIQUE GEE-EL
268219
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362